IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MEJAY T. McKINNEY, | ) | C/A No. 4:05-3147-MBS-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| COLLIE L. RUSTON, WARDEN; | ) | |
| HENRY MCMASTER, ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| SOUTH CAROLINA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Mejay T. McKinney ("Petitioner/McKinney"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 22, 2005. Respondents filed a motion for summary judgment on January 19, 2006, along with a return and supporting memorandum. The undersigned issued an order filed January 20, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to Respondents' motion for summary judgment on March 1, 2006.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondents in their memorandum has not been seriously disputed by the Petitioner in his response. In fact, Petitioner states in his response that he "somewhat agrees with the respondents history of this case." (Doc. # 14, p. 2). Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondents.

Petitioner is presently confined to McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Greenville County. At the March 1998 term of the Court of General Sessions, the Greenville County Grand Jury indicted Petitioner for trafficking in crack cocaine (98-GS-23- 1815). [PCR App. 2; 156-57]. At the February 2001 term of the Court of General Sessions, the Greenville County Grand Jury indicted Petitioner for two charges of trafficking crack cocaine (01-GS-23–0771 & -0773) as well as three charges of distribution of crack cocaine (01-GS-23-0769, -0770, & -0772). [PCR App. 2; 131-55].

Petitioner was represented at the trial level by Randall Hiller, Esquire. On April 11th, 2001, Petitioner pled guilty to all charges before the Honorable H. Deal Hall. There was a negotiated sentence of thirteen and a half years on trafficking Indictment 01-GS-23-0773, but there were no negotiations or recommendations as to the remaining five charges. [PCR App. 2; 8-9]. The State also agreed not to bring any additional charges relating to the incidents. [PCR App. 16-17]. Judge Hall then sentenced Petitioner to 13½ years on -0773, and concurrent terms of ten (10) years and a fine of $25,000 on each of the remaining five charges. [PCR App. 18-19; 133; 136; 139; 142; 145; 148; 151; 154; 158].

Petitioner did not file a direct appeal from his convictions and sentences.

Petitioner next filed a *pro se* Application for Post-Conviction Relief ("APCR") on November

8th, 2001 (01-CP-23-6982). In his APCR, Petitioner raised a large number of allegations of ineffective assistance of counsel, involuntary plea, and lack of subject matter jurisdiction. [PCR App. 22-45]. The State filed a Return dated October 11th, 2002. [PCR App. 46].

An evidentiary hearing in Petitioner's APCR was held before the Honorable Edward W. Miller on March 27th, 2003. [PCR App. 50]. Petitioner was present and represented by his appointed counsel, Bruce W. Bannister. At the hearing, Petitioner presented a number of *pro se* Amendments to his APCR. [PCR App. 77; 116-23]. Petitioner called himself to testify; the State called trial counsel. Judge Miller orally denied relief at the hearing, and on May 12th, 2003, filed a written Order of Dismissal in which he rejected Petitioner's claims for relief. [PCR App. 114; 124].

A timely notice of appeal was filed with the state supreme court from the Order of Dismissal in the PCR action. Wanda H. Haile, of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner in his PCR appeal. On January 20th, 2004, Haile filed a "no merit" Johnson Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which she raised the following issue on behalf of Petitioner:

> Trial counsel was ineffective in failing to explain fully sentencing consequences in the case.

The State filed a letter Return to the Johnson Petition on January 21st, 2004. Petitioner filed a *pro se* Petition on March 1, 2004, in which he raised the following grounds:

(1)   Because Petitioner's indictments are not filed with the Clerk of Court, the circuit court of Greenville County lacked jurisdiction to entertain the appellants case and except his plea of guilty, whether by the Petitioners equal protection of the law rights guaranteed by the 14th Amendment to the federal constitution was violated.

(2)   Because the Petitioners indictment No. 2001-GS-23-772, 773, 770, & 769 charges that the Petitioner distributed a controlled substance to a undercover

3

(3)  Because there is no written court order from the circuit court to continue the Petitioners case beyond 180 days, the circuit court of Greenville County lacked subject matter jurisdiction to entertain the Petitioners case and sentence him.

operative, and he pled guilty to distribution of a controlled substance to a "confidential informant," the circuit court lacked subject matter jurisdiction due to a material variance and the Petitioners equal protection of the law rights guaranteed by the 14th Amendment to the federal constitution was violated by the court entertaining the case.

(3)  Because there is no written court order from the circuit court to continue the Petitioners case beyond 180 days, the circuit court of Greenville County lacked subject matter jurisdiction to entertain the Petitioners case and sentence him.

(4)  Because the Petitioner was not advised of the direct consequence that he would be ineligible for parole if he pleaded guilty, his plea of guilty was not freely, knowingly, voluntarily, and intelligently given to the court, and his rights under Art. IV § 2, and under the 14th Amendment equal protection of the law clause were violated.

(5)  Because the records does not demonstrate that the Petitioner was advised of the elements to the charges, the Petitioners guilty plea was not freely, knowingly, voluntarily, and intelligently given to the court, and his 14th Amendment rights to the U.S. Const. was violated.

(6)  Because trial counsel did not inform the court that the appellant was stopped in his vehicle by a security guard during the suppression hearing counsel was inept and constitutionally ineffective under the 6th and 14th Amendments to the U.S. Constitution.

(7)  Because trial counsel gave the appellate erroneous advice to plead when Rule 36 SCRCrimp was not adhered to, pertaining to the chain of custody, counsel was inept, and constitutionally ineffective under the 6th and 14th Amendments to the U.S. Constitution.

(8)  Because trial counsel did not consult with the appellant about an appeal after the Petitioner pleaded guilty, counsel was inept, and constitutionally ineffective under the 6th and 14th Amendments to the U.S. Constitution.

(9)  Because the Appellant did not have an understanding of the law in relation to the facts of his case, his plea of guilty was [n]ot freely, knowingly, voluntarily and intelligently made, thereby his 14th Amend right to the U.S. Const. was violated.

(10) Because trial counsel did not discuss with the Appellant that his statement could be suppressed, the Appellants guilty plea was not freely, knowingly,

4

voluntarily, and intelligently given to the court, thus violating his 6th and 14th Amendments rights to the U.S. Const.

(11) Because trial counsel gave the Appellant erroneous advice to plead guilty without informing him that his statements could be suppressed, counsel was inept, and constitutionally ineffective under the 6th and 14th Amendments to the U.S. Constitution.

(12) Because trial counsel gave the Appellant erroneous advice to plead guilty, without investigating the "search warrant" to search his residence, counsel was inept, and constitutionally ineffective under the 6th and 14th Amendments to the U.S. Constitution.

(13) Because the Appellants trial counsel gave his erroneous advice to plead guilty without discussing the discovery material counsel was inept, and constitutionally ineffective under the 6th and 14th Amendments.

The South Carolina Supreme Court issued an Order dated November 17th, 2004, in which it denied the petition for writ of certiorari and granted the motion to be relieved as counsel. The Remittitur was sent down on December 3rd, 2004.

## II. GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim:

> GROUND ONE:    Ineffective Assistance of Counsel
>
> FACTS:    Trial counsel gave petitioner erroneous advice to plead guilty without doing a factual investigation of Rule (5) Brady disclosure as to c/I and undercover operative and counsel failed to adhered to SCRCRIMP Rule (36).
>
> GROUND TWO: Trial Court Lacked Subject Matter Jurisdiction.
>
> FACTS:    The indictments are not sufficient due to the vagueness and ambiguity in the Bill of indictment.

> The indictment fails to inform petitioner of nature and cause of the accusation against him. The indictment fails to state particulars of the offense.

(Petition).

## III.  SUMMARY JUDGMENT

On January 19, 2006, the Respondents filed a return and memorandum of law in support of their motion for summary judgment. Petitioner filed a response in opposition to the motion.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case

makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since McKinney filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure

of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondents assert that the Petitioner's claims must be dismissed as untimely. Specifically, Respondents assert that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. Respondents argue as follows, quoted verbatim:

> Since Petitioner did not file a direct appeal, his conviction was finalized by the conclusion of direct review on April 23rd, 2001, or ten (10) days after his sentence was given by Judge Hall. Rule 203(b)(2), SCACR. Because Petitioner did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. <u>See</u>, e.g. <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court);28 U.S.C. § 1257 (United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"); U.S. Sup. Ct. R. 10(b) (certiorari considered where "state court of last resort" has decided important federal question); U.S. Sup. Ct. R. 13 (time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort); Rule

>    203(b)(2), SCACR (10 day requirement for filing of Notice of Appeal from criminal conviction). . .
>
>    Since Petitioner did not file his APCR until November 8th, 2001, one hundred and ninety-nine (199) days of non-tolled time passed between the finalization of conviction and the filing of the APCR. The habeas corpus period of limitations was tolled during the pendency of the APCR at most until December 3rd, 2004, when the South Carolina Supreme Court issued the Remittitur from the denial of certiorari from the APCR Order of Dismissal. See, e.g. <u>Ott v. Johnson</u>, 192 F.3d 510 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action); <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state postconviction petition). Petitioner's "delivery date" for the present action is October 31st, 2005. Therefore, a further total of three hundred and thirty-one (331) days of non-tolled time between the South Carolina Supreme Court's disposition of the APCR appeal and the filing of this habeas petition. Aggregating the two periods on either side of the pendency of the APCR action equals exactly five hundred and thirty (530) days, which is approximately five and one half (5½) months in excess of one year. Therefore, the present Petition for Writ of Habeas Corpus is time-barred and should be denied and dismissed.

(Doc. # 7, p. 7-8).

Petitioner argues in his response that his petition is not time barred. Petitioner seems to argue that the South Carolina Supreme Court issued its decision on December 3, 2004, and petitioner filed his habeas petition on "November 2, 2005." Thus, petitioner argues that he filed his petition "well within a timely manner."  (Doc. # 14, p. 3). Petitioner does not aggregate any time periods but appears to argue in his response that because he filed his petition within a year of the date of the remittitur being issued by the South Carolina Supreme Court, his petition is timely. (Response, Doc. # 16).

The applicable law is as follows: The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to

9

establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

Petitioner did not file a notice of direct appeal within ten (10) days from the date he entered his guilty plea. He entered the guilty plea on April 11, 2001, so his judgment became final on April 23, 2001, (the tenth day would have been on a Saturday, thus, the time is counted from the following

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

Monday) since he did not file a notice of direct appeal within ten (10) days. Petitioner filed his PCR application on November 8, 2001, which suspended the running of the one-year limitation period. 28 U.S.C. §2244(d)(2). Thus, approximately one hundred ninety-nine (199) days were exhausted from the April 11, 2001, plea. The South Carolina Supreme Court issued the Remittitur on December 3, 2004. Petitioner did not file his federal habeas petition until November 22, 2005, with a Houston v. Lack delivery date of October 31, 2005. Therefore, an additional three hundred thirty (330) days of non-tolled time accrued after the disposition of his PCR. If this time period is aggregated to the already exhausted time period of days, the habeas petition was filed outside of the statute of limitations (199 + 330=529; 529-365=164 days late).

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Based on the above reasons, the undersigned finds that the Respondents' motion for summary judgment should be granted as the Petitioner's habeas corpus petition is barred by the statute of

limitations.

Additionally, there is no evidence that warrants equitable tolling. In the case of <u>Rouse v. Lee</u>, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> <u>Id</u>. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable

tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Petitioner has not presented (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. See Pace, supra; Rouse, supra. Therefore, it is recommended that the petition be dismissed as it is barred by the statute of limitations.

## VI. CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondents' motion for summary judgment (doc. #8) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 23, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

13

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>United States District Court<br>Post Office Box 2317<br>Florence, South Carolina 29503