IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mejay T. McKinney, ) | C/A No. 4:05-3147 |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R and O P I N I O N** |
| Collie L. Rushton, Warden; ) | |
| Henry Dargan McMaster, Attorney General ) | |
| of the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Mejay T. McKinney ("Petitioner) is an inmate of the South Carolina Department of Corrections who currently is housed at Northside Correctional Institution in Spartanburg, South Carolina. Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254.

This matter is before the court on motion for summary judgment filed by Respondents on January 19, 2006. By order filed January 20, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. After receiving an extension of time in which to file a response, Petitioner filed a response in opposition to Respondents' summary judgment motion on March 1, 2006.[1]

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E Rogers, III for pretrial handling. The Magistrate Judge

---

[1] Petitioner's filing on March 1, 2006 was captioned as a "Memorandum of Law in Support of Motion for Summary Judgment and Declaratory Judgment, or in the Alternative, a Trial by Jury as Demanded Pursuant to Rule 38 [and] 81, FRCP." Petitioner's Response, 1. The court construes Petitioner's filing as a response to Respondents' motion for summary judgment.

issued a Report and Recommendation on March 23, 2006, in which he recommended that the within petition be dismissed. Petitioner filed objections to the Report and Recommendation on April 7, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

## I. FACTS

On April 16, 2006, Petitioner pleaded guilty to an indictment alleging three counts of trafficking crack cocaine and three counts of distribution of crack cocaine.[2] Petition, 2. Petitioner was sentenced to thirteen and a half years in state custody. Id. Petitioner did not appeal his

---

[2] The Magistrate Judge determined that Petitioner was sentenced on April 11, 2006. See Report and Recommendations, 10-11. A review of the record indicates that Petitioner may have been sentenced on April 16, 2001. See Petition, 1; Attachment 1 to Respondents' Return and Memorandum, filed January 19, 2006. Accordingly, the court treats April 16, 2001 as the date Petitioner's conviction became final.

2

conviction. Id. Petitioner subsequently filed an application for state post-conviction relief (PCR) on November 8, 2001. The state PCR application was disposed of by written order dated May 12, 2003.

Petitioner appealed the judgment of the state PCR court by timely filing a notice of appeal raising one ground for relief. On March 1, 2004, Petitioner, *pro se*, filed a supplement to his state PCR appeal in which he raised additional grounds for relief. By order of the South Carolina Supreme Court issued on November 17, 2004, Petitioner's petition for writ of certiorari was denied. The Remittitur was sent down on December 3, 2004. Petitioner filed the within petition on October 31, 2005.

## II. LAW/DISCUSSION

The Magistrate Judge determined that the limitations period contained in section 2244 bars this action. See 28 U.S.C. § 2244. Petitioner challenges this recommendation and argues that he "properly filed" the within petition in accordance with the deadlines mandated by the AEDPA. Objections, 5 Thus, the sole issue before the court is whether the within petition is barred by the one-year statute of limitations applicable to federal habeas petitions.

Section 2244 provides, in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2254. "In short, the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court." Harris v. Hutchinson, 209 F. 3d 325, 327 (4th Cir. 2000).

Under the AEDPA, because Petitioner did not seek direct review of his convictions, the one year limitation period commenced running on the date on which the time for seeking direct review of Petitioner's judgment expired. See 28 U.S.C. § 2244 (d)(1)(a). Thus, judgment in Petitioner's case became final on April 26, 2001, ten (10) days from the date of sentencing and judgment See South Carolina Appellate Court Rule 203 (b)(2).

Petitioner's one year period was tolled for purposes of section 2244(d) by his filing of an application for PCR in state court on November 8, 2001. See 28 U.S.C. § 2244 (d)(2). However, the time period was not tolled for the period between April 26, 2001 and the date Petitioner filed his state PCR petition. See Harris, 209 F. 3d at 327. Thus, when Petitioner filed his state PCR petition

4

on November 8, 2001, one hundred and ninety six (196) days had elapsed from the date his underlying criminal judgment had become final. Given that the AEDPA provided Petitioner with three hundred and sixty-five (365) days to file his federal habeas petition, Petitioner had one hundred and sixty nine (169) days remaining in which to timely file his habeas petition, excluding time tolled for the state court proceedings.

Petitioner's application for state PCR was denied on December 3, 2004. The limitations period began running again the following day and expired, one hundred and sixty nine (169) days later, on May 21, 2005. The court notes that the statute of limitations would expire the next business day, Monday, May 23, 2005, because May 21, 2005 fell on a Saturday. However, Petitioner took no action until October 31, 2005, one hundred and sixty one (161) days past the May 23, 2005 deadline, when he filed the within petition. Accordingly, the court concludes that the within petition is time-barred.

The Fourth Circuit Court of Appeals has held that section 2244(d) is subject to equitable tolling in "rare instances where- due to circumstances external to the party's own conduct- it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 330. Individuals, like Petitioner, are only entitled to equitable tolling if they presents "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Petitioner has articulated no extraordinary circumstances beyond his control that prevented him from complying with the limitations period. Rather, Petitioner states only that the AEDPA statute of limitations should be tolled because Petitioner filed "a lawsuit [against] his trial counsel for . . . professional malpractice." Objections, 5. The court finds that Petitioner's objection is not

of a nature to allow the court to disregard the limitations period because the choice to file a lawsuit against trial counsel was not a "circumstance external to [Petitoner's] own conduct." Harris, 209 F.3d at 330; Rouse, 339 F. 3d at 246.  Further, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Petitioner's objection is without merit.

### III.  CONCLUSION

For the reasons stated herein and with regard for the noted date modifications, the court adopts the Report and Recommendation of the Magistrate Judge.  The within petition is dismissed, with prejudice.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 18, 2006